IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE LARRY FRYE,

    Debtor,

LARRY FRYE,

    Plaintiff,

v.

SN SERVICING CORPORATION, US BANK
NATIONAL TRUST ASSOCIATION AS
TRUSTEE FOR LSF10 MASTER
PARTICIPATION TRUST, and
CALIBER HOME LOANS, INC.

    Defendants.

Bankruptcy Case Number
18-80873-CRJ-13

Adversary Proceeding No.
20-80072-CRJ

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEY'S FEE

Comes Now, Larry Frye (the "Debtor") with SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust (together with the Debtor, the "Movants") and hereby move this Court pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an Order approving the compromise and settlement described herein. In support of the Joint Motion to Approve Compromise, Movants show unto the court as follows.

### JURISDICTION AND PROPOSED NOTICE

1. The Motion is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

1

3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Motion is being served on all parties-in-interest and all parties filing an appearance notice.

## FACTUAL BACKGROUND

4. This adversary proceeding arises from Frye's allegations that SN Servicing Corporation, U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust, U.S. Bank Trust National Association as Trustee of the LSF10 Trust, and Caliber Home Loans, Inc. violated the automatic stay imposed by 11 U.S.C. § 362.

5. In this adversary proceeding, Frye alleges that SN Servicing Corporation, U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust, U.S. Bank Trust National Association as Trustee of the LSF10 Trust, and Caliber Home Loans, Inc. violated the Automatic Stay by contacting Frye by letter in an attempt to collect a prepetition debt after the bankruptcy was filed.

6. SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust denies all wrongdoing as alleged in the Adversary Proceeding.

## NEW PROCEDURES IMPLEMENTED BY THE DEFENDANT TO AVOID FUTURE VIOLATIONS OF THE AUTOMATIC STAY

7. "In order to avoid future violations of the automatic stay by the defendants in the servicing of loans, the servicer has implemented procedures to identify loans that are subject to the jurisdiction of the US Bankruptcy Court. These procedures will include a more extensive review of the prior servicer records when the servicing is transferred, including examination of the prior servicer billing statements, pay history and any reports that may have been issued by a third party. The servicer will perform due diligence of the records received to determine if notices were filed in the bankruptcy and perform a review of the public records. This will allow the servicer to identify loans that are involved in an active bankruptcy in a more timely manner."

## TERMS OF THE PROPOSED SETTLEMENT

8. After negotiation, and in the interest of avoiding the uncertainties associated with litigation, Plaintiff Larry Frye and Defendants SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust have agreed to a pro tanto compromise and settlement of the claim on the terms and conditions set forth herein.

9. The terms of the proposed settlement are as follows:

    a. SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust shall pay to Frye's counsel a total of $7,500.00 to settle any and all claims arising from this adversary proceeding.

    b. This amount includes all costs and fees, including but not limited to Frye's Attorney's fee;

    c. Pursuant to 11 U.S.C. §362(k)(1), SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust shall pay to Frye's counsel a total of $7,500.00 to settle any and all claims arising from this adversary proceeding. Debtor's counsel requests to retain $6,000.00 of the settlement representing 19.20 hours for the work performed in the preparation and prosecution of the adversary proceeding at an hourly rate of $350.00. Counsel has worked diligently on this case since May 18, 2020 and will continue to do so until the proceeding closes. Counsel has reduced his fee from $6,720.00 to $6,000.00. SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust shall also pay $750.00 to the Debtor as allowed by his exemptions and $750.00 to Michele Hatcher, Chapter 13 Trustee, to be applied toward the Debtor's bankruptcy estate. Defendants are to disburse funds to Larsen Law, P.C. within 30 days from the date of this order. Larsen Law, P.C. will distribute the funds as set out in this motion.

3

**RELIEF REQUESTED**

10. The parties jointly request that this Court approve the pro tanto settlement that has been reached by Plaintiff Larry Frye and Defendants SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust in which all of the issues in the claim will be resolved as to those parties. The settlement of this claim is a result of good faith, arm's length negotiations between the respective attorneys for the parties and after a thorough review of the merits of the case.

11. The settlement of the claims in this adversary proceeding meets all applicable legal standards and is well within the range of reasonableness.

12. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). To properly exercise this discretion, the bankruptcy court must consider whether the compromise proposed "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).

13. The Eleventh Circuit has held a bankruptcy court must consider and evaluate the following factors:

(a) the probability of success in the litigation;

(b) the difficulties, if any to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the litigation; and,

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). When making an evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underling the compromised disputes. *Teltronics* at 189. Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and should make a

4

pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

14. Federal Rule of Bankruptcy Procedure 9019 provides that, after conducting a hearing on notice to creditors, the bankruptcy court may approve a compromise and settlement. To assure a compromise is proper in a given case, the court must be apprised of the necessary facts for an intelligent, objective, and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

15. The settlement proposed in this motion meets the standard for approval under Federal Rule of Bankruptcy Procedure 9019 and is in the best interests of the bankruptcy estate. The settlement was reached after thorough analysis of the merits of Frye's claims and the defenses of SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust with regard to the claims asserted in the adversary proceeding.

**WHEREFORE**, the parties ask this Court to enter an order approving the settlement described in this motion.

/s/ John C. Larsen
John C. Larsen
Attorney for the Debtor/Plaintiff,
Larry Frye

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@larsenlaw.com

5

# CERTIFICATE OF SERVICE

        The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 28th day of September, 2020.

Bret Chaness
Timothy Pittman
Amanda Beckett
Rubin Lublin, LLC
200 Clinton Avenue West, Suite 406
Huntsville, AL 35801
bchaness@rlselaw.com
abeckett@rlselaw.com
tpittman@rlselaw.com

        A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 28th day of September, 2020.

                                                  /s/ John C. Larsen

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 18-80873-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Mon Sep 28 13:21:33 CDT 2020 | U.S. Bank Trust, N.A., as Trustee for LSF10<br>RAS CRANE, LLC<br>10700 ABBOTT'S BRIDGE ROAD, SUITE 1<br>Duluth, GA 30097-8458 | U.S. Bank Trust, N.A., as Trustee for LSF10<br>13801 Wireless Way<br>Oklahoma City, OK 73134-2500 |
| U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | AT&T Corp<br>% AT&T Services, Inc.<br>Karen Cavagnaro, Esq.<br>One AT&T Way, Suite 3A104<br>Bedminster, NJ 07921-2693 | Alabama Department of Revenue<br>Legal Division<br>P.O. Box 320001<br>Montgomery, Alabama 36132-0001 |
| Ccs Collections<br>725 Canton St<br>Norwood, MA 02062-2679 | Convergent Outsourcing, Inc<br>Po Box 9004<br>Renton, WA 98057-9004 | (c)DITECH<br>332 MINNESOTA ST STE E610<br>SAINT PAUL MN 55101-1311 |
| Ditech Financial LLC fka Green Tree Servicin<br>P.O. Box 6154<br>Rapid City, South Dakota 57709-6154 | Family Security Credit<br>2204 Family Security Pl<br>Decatur, AL 35603-5500 | Fox Collection Center<br>Attn: Bankruptcy<br>Po Box 528<br>Goodlettsvile, TN 37070-0528 |
| Franklin Collection Service, Inc.<br>Attn: Bankruptcy<br>Po Box 3910<br>Tupelo, MS 38803-3910 | HH Digestive Disease Center<br>c/o Franklin Collection Service<br>PO Box 3910<br>Tupelo, MS 38803-3910 | Huntsville Emergency Physicians Group<br>c/o Franklin Collection Service<br>PO Box 3910<br>Tupelo, MS 38803-3910 |
| IRS<br>John Blackwell<br>801 Broadway M/S MDP 146<br>Nashville, TN 37203 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Joyce White Vance<br>US Attorney<br>1801 4th Ave<br>Birmingham, AL 35203-2101 | Merchants Ad<br>56 N Florida St<br>Mobile, AL 36607-3108 | Richard Oneal<br>Asst US Attorney<br>1801 4th Ave<br>Birmingham, AL 35203-2101 |
| State of Alabama Deparment of Revenue<br>50 North Ripley St.<br>Montgomery, AL 36132-0001 | T Mobile/T-Mobile USA Inc<br>by American InfoSource LP as agent<br>PO Box 248848<br>Oklahoma City, OK 73124-8848 | U.S. Bank Trust, N.A., As Trustee<br>For LSF10 Master Participation Trust<br>Caliber Home Loans, Inc.<br>13801 Wireless Way<br>Oklahoma City, Ok 73134-2500 |
| US Attorney General<br>US Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001 | US Bank Trust NA<br>SN Servicing Corporation<br>323 5th Street<br>Eureka, CA 95501-0305 | Allison Frye<br>251 Saddle Rock Court<br>Harvest, AL 35749-8272 |
| Insolvency Section Internal Revenue Service<br>801 Broadway<br>MDP 146, Room 285<br>Nashville, TN 37203-3816 | John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Larry Frye<br>251 Saddle Rock Court<br>Harvest, AL 35749-8272 |

Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602-2388

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Ditech
332 Minnesota St Ste 610
Saint Paul, MN 55101

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Caliber Home Loans, Inc.		(u)Ditech Financial LLC,		(u)U.S. Bank Trust National Association

(u)U.S. Bank Trust, N.A., As Trustee for LSP1		(u)US Bank Trust NA		(d)U.S. Bank Trust, N.A., as Trustee for LSF1
													13801 Wireless Way
													Oklahoma City, OK 73134-2500

End of Label Matrix
Mailable recipients    30
Bypassed recipients     6
Total                  36